

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 30, 1973

The Honorable James P. Allison
County Attorney
Delta County
Cooper, Texas

Dear Mr. Allison:

Opinion No. H-166

Re: The necessity of a
unanimous vote of the
Commissioners' Court
to discontinue a road

You have advised that pursuant to the requirements of Article 6705, Vernon's Texas Civil Statutes, a petition has been presented to the Commissioners Court requesting the Court to discontinue a public road. You ask:

> "Can the Commissioner's Court grant this petition and discontinue a public road by an affirmative vote of 3 to 1 or does the requirement of the unanimous consent of all Commissioner's elected stated in Article 6703 V.A.T.S. apply to this petition?"

Article 6705 requires a petition and notice for actions (1) to build a new road, (2) to discontinue an original road, and (3) to change or alter the course of a public road. Article 6703 provides:

> "The commissioners court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road whenever it shall be deemed expedient. No public roads shall be altered or changed except to shorten the distance from end to end, unless the court upon a full investigation of the proposed change finds that the public interest will be better served by making the change; and said change shall be by unanimous consent of all the commissioners elected. No part of a public road shall be discontinued until a new road is first built connecting the parts not discontinued;

and no entire first or second class road shall be discontinued except upon vacation or non-use for a period of three years. Said court shall assume and have control of the streets and alleys in all cities and incorporated towns in Texas which have no defacto, [sic] municipal government in the active discharge of their official duties."

We believe that Article 6703, like Article 6705, contemplates three separate and distinct actions--building, altering and discontinuing roads. Although the concept of discontinuance arguably could be included in the scope of change or alteration, the manner in which the statute is constructed suggests that the two concepts are independent.

Therefore, it is our opinion that a commissioners court may grant a petition to discontinue a public road on a less than unanimous vote provided that: (1) A new road has been built connecting the parts not discontinued; (2) If a first or second class road, there has been vacation or non-use for a period of three years; and (3) No private rights which might exist above and beyond the general public right of passage will be impaired. Meyer v. Galveston H. & S. A. Ry. Co., 50 S.W. 2d 268 (Tex. Comm. 1932, holding app.); Compton v. Thacker, 474 S.W. 2d 570 (Tex. Civ. App., Dallas, 1971, err. ref. n. r. e.); Attorney General Opinion No. V-975 (1949).

## SUMMARY

A unanimous vote of the commissioners court is not required to discontinue a public road, provided that a new road has been built connecting the parts not discontinued; there has been a vacation or non-use for a period of three years, if the road is a first or second class road; and no private rights, above those of the general public, will be impaired.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee